No. 35,727

In re Accusation against E. O. ELLIS, Attorney at Law.

(130 P. 2d 564)

Opinion filed November 7, 1942.

*Eldon Wallingford,* assistant attorney general, argued the cause, and *Jay S. Parker,* attorney general, appeared for the State Board of Law Examiners.

*E. O. Ellis* argued the cause *pro se.*

*Per Curiam:* The State Board of Law Examiners caused an accusation in disbarment to be filed against E. O. Ellis, based upon five instances of alleged misconduct. Mr. Ellis filed his answer, and the state board moved for judgment on the pleadings. That motion has been orally presented to the court and now comes on for consideration and decision.

The first charge of misconduct is based on an alleged misappropriation of moneys and a restitution made in 1927. It would seem that possibly this charge was made as a matter of inducement and not as the basis for judgment, and so considered, it needs no further comment. If considered as a charge, however, we may ignore accused's explanation. The matter is old and stale, and no disbarment should be predicated thereon.

Very briefly stated, the remaining four charges are based on matters arising out of four divorce suits, and are as follows: (1) Permitting a client to testify to a fact known by accused to be untrue without advising the trial court of the truth; (2) Instituting an action against a defendant, known by the accused to be insane, without disclosure of defendant's incompetency to the trial court; (3) and (4) Permitting clients to make poverty affidavits when accused knew the facts stated were not true.

The accused's answer is long and sets forth in detail his version of and defense to each of the charges against him. The answer may be characterized as an effort by the accused to exculpate himself rather than a denial that he did those things with which he is charged. We note also that accused sets forth certain matters tending to show bad feeling between him and the judge of the trial court where the several divorce actions were filed.

There can be no question but that accused's failure to disavow his client's testimony, known to him to be false, his concealment of the insanity of the defendant in another case, and his action in permitting false poverty affidavits in the two other cases, "merits stern and just condemnation." See Canons of Professional Ethics, 32 and 41, 144 Kan. pp. xiv, xvi. The accused's own explanation shows he should be censured for his conduct.

The question for consideration is to what extent should the motion for judgment be sustained. In addition to what has been said, it may be observed that the answer discloses accused was admitted to the bar in Neosho county in 1888, and that a document accompanying the answer discloses he is eighty-eight years of age. At the argument, in response to a question asked, accused stated he was that old. The court, upon consideration of the whole matter, has concluded the motion for judgment should be sustained only to the extent of reprimanding the accused for his unprofessional conduct, but that said motion should be otherwise overruled; and that the accusation shall be no further prosecuted but shall be dismissed, and it is so ordered.